**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:14-cr-00085-RCJ-WGC |
| | ) | |
| EMANI W. GORDON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant moves this Court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255, arguing that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), retroactively rendered the indictment fatally defective. (ECF No. 41.) Thorough review of the record demonstrates conclusively that Defendant is neither entitled to relief nor a certificate of appealability. The Court therefore denies the motion.[1]

///

///

---

[1] During the pendency of the motion, the Supreme Court has issued an opinion further analyzing *Rehaif—Greer v. United States*, 141 S. Ct. 2090, 2104 (2021). The Government moves to supplement its response with *Greer* (ECF No. 47), and Defendant did not object, but instead, also provides further argumentation from *Greer* (ECF No. 48). The Court grants the Government's motion and will consider the supplemental briefing.

**FACTUAL BACKGROUND**

Defendant has an extensive criminal history that began in the early Nineties. At age 18, he was arrested for felony possession of a controlled substance. (Present. Rep. ¶ 29.) A year later, he was convicted of petty theft. (*Id.* ¶ 30.) In 1996, he pleaded guilty to felony assault with a deadly weapon and was sentenced to sixteen months of custody. (*Id.* ¶ 31.) Later that year, he was convicted of a misdemeanor obstructing/resisting a public officer and felon in possession of a firearm and sentenced to fifty-four months in prison. (*Id.* ¶ 32.) In 2006, Defendant was convicted of driving with a suspended license and sentenced to probation. (*Id.* ¶ 33.) In 2009, Defendant was convicted of felony possession of a controlled substance for sale and sentenced to sixteen months' imprisonment. (*Id.* ¶ 34.) In 2012, Defendant was again convicted of felony possession of a controlled substance for sale and was sentenced to nineteen to forty-eight months imprisonment. (*Id.* ¶ 35.)

On November 11, 2014, officers in Reno, Nevada, stopped a car in which Defendant was a passenger. (Present. Rep. ¶ 6.) Officers approached the car and smelled marijuana. (*Id.*) During a search of the car, officers found a bag containing 0.8 gross grams of cocaine and a duffle bag containing 36.9 gross grams of marijuana. (*Id.* ¶¶ 7–8.) Officers attempted to handcuff Defendant, but he fled from the officers. (*Id.* ¶ 9.) As Defendant was running, officers saw Defendant take off two large jackets and reach into his waistband before tripping and falling to the ground. (*Id.*) Defendant ignored commands from officers to stay on the ground, fled a second time, and again reached into his waistband. (*Id.* ¶¶ 9–10.) Officers eventually stopped Defendant and handcuffed him. (*Id.* ¶ 10.) Inside one of the jackets Defendant threw while running, officers found a loaded Glock .45 caliber handgun. (*Id.* ¶ 11.)

Shortly thereafter, a federal grand jury indicted Defendant for unlawfully possessing a firearm, initiating this case. (ECF No. 1.) The indictment did not allege that Defendant knew he was

a felon or knew that he was prohibited from possessing a firearm.[2] (*Id.*) For the allegations supporting the count, it only reads:

> On or about November 11, 2014, in the State and District of Nevada, EMANI W. GORDON, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, to wit: Possession of a Controlled Substance with the Intent to Sell, on or about June 20, 2012; did knowingly possess a Glock .45 caliber semi-automatic pistol, bearing serial number TRF913, said possession being in and affecting commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(*Id.*) In May 2015, Defendant pleaded guilty to the one-count indictment without a plea agreement. (ECF No. 23; Present. Rep. ¶ 2.) On September 21, 2015, this Court sentenced Defendant to eighty-four months' imprisonment with three years of supervised release to follow. (ECF Nos. 36, 37.) Defendant did not appeal. Now, Defendant moves under § 2255, claiming that subsequent changes in the law render this conviction invalid. (ECF No. 41.) The Court ordered the Government to respond, and it has. (ECF Nos. 42, 43.)

### LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the

---

[2] Defendant claims that *Rehaif* mandates that the Government must prove both that a defendant knew of his felony status and knew that this status prohibited him from possessing a firearm. This is error. Following *Rehaif*, the entirety of the Government's burden for a conviction under § 922(g)(1) is to prove "(1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce." *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).

rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the petition without an evidentiary hearing if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b); *accord Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). Otherwise, a court should serve notice upon the government and grant a hearing to make the necessary findings of fact and conclusions of law to rule on the petition. § 2255(b).

Upon denial, a court should determine whether to issue a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the petitioner must show that "reasonable jurists could debate whether . . . the petition should [be] resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

Defendant argues that the failure of the indictment to include an allegation that Defendant knew he was in the class of persons covered by § 922(g)(1) is a structural error, depriving the Court of jurisdiction and rendering his conviction unconstitutional. Specifically, he claims the criminal prosecution based on the defective indictment violated his Fifth Amendment right not to be tried absent a valid indictment from a grand jury and his Sixth Amendment rights to notice and effective assistance of counsel. Finding that it has jurisdiction and that Defendant's guilty plea waived the remaining challenges, the Court denies the motion.

///

### I.      The Court has Subject-Matter Jurisdiction

Defendant's first argument is that the defect in the indictment deprived this Court of juris-diction over his case. (ECF No. 41 at 15–16.) Although he is correct that the indictment in this case is defective, this defect does not deprive this Court of jurisdiction.

Framing the issue in such a way is not without consequence because, if true, Defendant did not waive this issue—he could not have. *See, e.g.*, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (ana-lyzing subject-matter jurisdiction of a criminal case despite procedural default). Defendant notes that district courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, and argues that, since the indictment fails to state an offense, this Court lacks ju-risdiction. While prior Ninth Circuit cases have held that a failure to state a claim in an indictment is a jurisdictional issue, *see, e.g.*, *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (citing *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979)), the Supreme Court has overruled these cases in *United States v. Cotton*, 535 U.S. 625 (2002). *See United States v. Salazar-Lopez*, 506 F.3d 748, 754 n.5 (9th Cir. 2007) (recognizing that *Cotton* overruled the cir-cuit's prior precedent).

In *Cotton*, the superseding indictment "did not allege any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] § 841(b)," which defendants did not object to before trial. *Cotton*, 535 U.S. at 628. During the pendency of the appeal to the Fourth Circuit, the Supreme Court held, in an unrelated case that "[o]ther than the fact of a prior convic-tion, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Fourth Circuit therefore found this omission from the indictment to deprive the court of subject-matter jurisdiction and vacated the sentences. *United States v. Cotton*, 261

F.3d 397, 407 (4th Cir. 2001). The Court found jurisdiction and reversed, noting that it "some time ago departed from [the] view that indictment defects are 'jurisdictional.'" *Cotton*, 535 U.S. at 631; *see Lamar v. United States*, 240 U.S. 60, 65 (1916) ("The objection that indictment does not charge a crime against the United States goes only to the merits of the case."); *United States v. Williams*, 341 U.S. 58, 66 (1951) ("[T]hat the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.").

Attempting to distinguish *Cotton*, Defendant advocates for a narrow reading of the opinion. Defendant claims that since the omitted facts in the indictment went toward sentencing, the indictment, while defective, still stated a federal crime and, for that reason, the Supreme Court still had jurisdiction in the case. On the other hand, the indictment in the instant case, Defendant argues, omitted a fact that went to an element of the underlying crime. In making this argument, however, Defendant contravenes the text of the Court's reasoning and lower courts' ubiquitous interpretation of the case.

First, the Supreme Court failed to provide for the caveat that Defendant propounds. It, rather, spoke broadly, stating, "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. Second, lower courts have rejected Defendant's reading of *Cotton*. For example, the Ninth Circuit held that the failure to include the mens rea element of a crime—as Defendant claims here—does not deprive a court of jurisdiction. *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (*overruled on other grounds as recognized in United States v. Aguila-Montes de Oca*, 655 F.3d 915, 923 (9th Cir. 2011)). It stated that the defendant's argument to the contrary was "untenable in light of [*Cotton*.]" *Id.*

To support his contention, Defendant points to a case from the Eleventh Circuit, *United States v. Izurieta*, 710 F.3d 1176 (11th Cir. 2013). In that case, the court held that there was no subject-matter jurisdiction when the indictment alleged that the defendant violated a regulation

that only carried civil penalties and not a criminal statute. *Id.* at 1179. The Eleventh Circuit, how-ever, later distinguished *Izurieta* on that ground and stated, "The district court's power over [a criminal] case did not vanish simply because the indictment omitted one element of the charged offense." *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014).

Indeed, many courts have already considered and rejected this argument—including the Ninth Circuit (albeit in an unpublished decision). *See, e.g.*, *United States v. Pruitt*, 839 F. App'x 90, 94 (9th Cir. 2020) ("An indictment's omission of the element that the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm' in violation of 18 U.S.C. § 922(g)(1) does not deprive the district court of jurisdiction." (internal citation omitted)); *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019); *United States v. Dillard*, No. 2:09-CR-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020). This Court likewise finds that the defect is not a jurisdictional issue.

## II.    The Remaining Claims are Barred by Defendant's Guilty Plea

Satisfied that this Court has jurisdiction, it turns to Defendant's remaining claims that the defects in the indictment violated his Fifth and Sixth Amendment rights. The Court finds that these claims are barred by Defendant's guilty plea.

In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court addressed whether it could consider a challenge to a grand jury proceeding for the first time through a habeas challenge after the defendant pleaded guilty. The Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. A defendant therefore may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of [a] guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [was constitutionally inadequate]." *Id.*

Despite the broad language of this rule, the Court has recognized an exception to it: a claim may be brought where it "implicates 'the very power of the State' to prosecute the defendant." *Class v. United States*, 138 S. Ct. 798, 803 (2018) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). This exception is narrow and only applies where "the government cannot prosecute the defendant at all." *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020); *see, e.g.*, *Menna v. New York*, 423 U.S. 61, 62 (1975) (double jeopardy); *Blackledge*, 417 U.S. at 30–31 (vindictive prosecution); *Class*, 138 S. Ct. at 801–02 (constitutionality of the criminal statute). In such instances, the Court distinguished *Tollett* on the basis that these alleged antecedent violations could not "have been 'cured' through a new indictment." *Class*, 138 S. Ct. at 805 (quoting *Blackledge*, 417 U.S. at 30).

This rule applies even if the alleged defect in the indictment is structural. *See United States v. Moussaoui*, 591 F.3d 263, 280 n.12 (4th Cir. 2010), as amended (Feb. 9, 2010). A "structural" defect is a "fundamental flaw," which is "never . . . thought [to be] harmless" and "undermines the structural integrity of the criminal tribunal itself." *Vasquez v. Hillery*, 474 U.S. 254, 263–64 (1986). Although *Tollett* did not explicitly discuss whether the underlying constitutional defect— the charge that the government had systematically excluded racial minorities from the grand jury— was structural, such discrimination was a well-established structural defect by the time *Tollet* was decided. *See id.* at 261–62 (collecting cases for this proposition dating back to 1881).

Defendant neither argues that he entered into the plea agreement unknowingly or involuntarily through ineffective assistance of counsel nor that the Government could not prosecute him for the crime. Rather, all of the arguments he raises—that the defect in the indictment infringed upon his right to be free from prosecution absent a valid grand jury indictment and his rights to adequate counsel and notice—could be remedied by a new indictment. Although this reasoning has not been directly addressed by the Ninth Circuit, two other circuits have held that the *Tollett*

1    rule bars habeas relief based on defects in the indictment because of *Rehaif*. *United States v. La-*

2    *valais*, 960 F.3d 180, 186 (5th Cir. 2020) ("To the extent [the defendant] argues his indictment is

3    fatally defective because it did not contain an element of the offense under § 922(g), he failed to

4    preserve that claim by pleading guilty." (citing *Class*, 138 S. Ct. at 804–05)); *United States v.*

5    *Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) ("[A] guilty plea waive[s the] right to assert that the

6    indictment fail[s] to state an offense."). Defendant's guilty plea therefore bars these claims.

7    ***III.    Certificate of Appealability***

8            As the Court denies the petition, it must determine whether to issue a certificate of appeal-

9    ability. Defendant has not shown that reasonable jurists would debate these claims nor that the

10   claims should proceed further. *See Slack*, 529 U.S. at 484. Rather, as discussed above, binding

11   precedent clearly forecloses them. The Court therefore declines to issue a certificate of appeala-

12   bility.

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that Motion for Leave to Advise the Court of New Supreme Court Authority (ECF No. 47) is GRANTED.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

DATED  November 8, 2021.

_____
ROBERT C. JONES
United States District Judge